

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 2&25-cr-6
                                       18 U.S.C. § 1349

JESSE MARKS

I N F O R M A T I O N

The United States Attorney Charges:


The Scheme to Defraud

1.    Beginning no later than November 27, 2019, and continuing
through on or about December 1, 2023, defendant JESSE MARKS, together
with another person known to the United States Attorney (the other
known person), did knowingly devise and intend to devise a scheme to
obtain money and property from the Boone County Board of Education
(BCBE), by means of materially false and fraudulent pretenses and
representations.

2.    It was a purpose and object of the scheme for defendant
JESSE MARKS to enrich himself and the other known person by embezzling
and misappropriating funds from the BCBE, in that defendant JESSE
MARKS together with the other known person, would submit false and
fraudulent invoices to the BCBE for payment and the other known person
would receive the payment from the BCBE as the payee listed on the
invoice.

3.    The other known person entered into an agreement with defendant JESSE MARKS to submit false and fraudulent invoices in the name of RUSH ENTERPRISES (RUSH), a company wholly owned by defendant JESSE MARKS.

## Background

At all times relevant to the indictment:

4.    The BCBE was a corporation and political subdivision of the state of West Virginia that supervises and controls the Boone County School District. The BCBE is in Madison, Boone County, West Virginia, within the Southern District of West Virginia.

5.    The Boone County School District—is responsible for providing public education to more than 3,000 children in Boone County, West Virginia.

6.    The other known person was employed as the Maintenance Director for the Boone County School District.

7.    RUSH was a company that was contracted to provide custodial and janitorial supplies to the Boone County School District. RUSH was wholly owned by defendant JESSE MARKS.

## Manner and Means for Carrying Out the Scheme

8.    The manner and means by which defendant JESSE MARKS and the other known person carried out the scheme to defraud the BCBE include the following:

9.   In or about November of 2019, the other known person contacted defendant JESSE MARKS regarding RUSH supplying the Boone County schools (the schools) with custodial and janitorial supplies.

10.  The other known person was the sole person to communicate with defendant JESSE MARKS about RUSH becoming a supplier for the schools.

11.  Defendant JESSE MARKS and the other known person agreed that RUSH would supply the schools with custodial and janitorial supplies and the other known person would complete the paperwork regarding the invoicing and billing of the supplies.

12.  Defendant JESSE MARKS and the other known person agreed that the other known person would create invoices on behalf of RUSH (the invoices) that would be submitted to the BCBE for payment for the delivery of supplies listed on those invoices.

13.  Defendant JESSE MARKS and the other known person agreed that the invoices that were sent to the BCBE would include supplies that were never delivered by RUSH or any other person or company on behalf of RUSH.

14.  Defendant JESSE MARKS and the other known person were able to accomplish this scheme due to the other known person's position as Maintenance Director, as the other known person was responsible for verifying that the products and supplies listed on the invoices were delivered. The other known person would sign the invoices indicating that all of the products and supplies listed on the invoices were

delivered to the schools, when in fact, the number of products and supplies listed on the invoice far exceeded the actual number of products and supplies delivered by RUSH to the schools. The other known person would then cause the invoices to be submitted to the BCBE central office to be processed for payment.

15. The invoices submitted by the other known person would direct that payment be sent to RUSH in Kentucky. The other known person's approval and submission of the invoices would cause the BCBE central office to send a check through the United States Mail System to RUSH, in Kentucky for the amount listed on the invoice.

16. Defendant JESSE MARKS would receive the checks made out to RUSH, and deposit those checks into defendant JESSE MARKS' business account.

17. Defendant JESSE MARKS and the other known person entered into an agreement where defendant JESSE MARKS would deduct his expenses for the number of products and supplies that were actually delivered to the schools and then the additional amount paid by BCBE for supplies that were never received would be split between the defendant JESSE MARKS and the other known person.

18. After depositing the check from BCBE, defendant JESSE MARKS would withdraw cash and give the other known person his share of the overpayment in person in the form of cash payments in manila envelopes.

## The Conspiracy

19. From on or about March 30, 2020, through on or about December 1, 2023, at or near Madison, Boone County, West Virginia, and within the Southern District of West Virginia, and elsewhere, defendant JESSE MARKS and the other known person, did knowingly conspire together to commit the offense of mail fraud, in violation of 18 U.S.C. § 1341.

In violation of Title 18, United States Code, Section 1349.

## NOTICE OF FORFEITURE

The allegations contained in this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461.

Pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461 and Rule 32.2 of the Federal Rules of Criminal Procedure, upon conviction of the offenses in violation of 18 U.S.C. §§ 1341 and 1349, as set forth in this Information, defendant JESSE MARKS  shall forfeit to the United States of America, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation(s).

The property to be forfeited includes, but is not limited to, a money judgment in the amount of at least $1,000,000.00, such amount constituting the proceeds of violations set forth in this Information.

If any of the property described above, as a result of any act or omission of the defendant:

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third party;

      c.    has been placed beyond the jurisdiction of the court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461.

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461.

UNITED STATES OF AMERICA

WILLIAM S. THOMPSON
United States Attorney

By: _____

GABRIEL C. PRICE
Assistant United States Attorney